IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2125-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STANLEY CARL BURKHARDT, | ) | |
| | ) | |
| Respondent. | ) | |

Stanley Carl Burkhardt ("Burkhardt" or "respondent") is confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a hearing on a petition for his commitment that the government filed pursuant to 18 U.S.C. § 4248 [D.E. 1]. On November 17, 2011, Burkhardt filed a motion for an evidentiary hearing on his conditions of confinement and to dismiss the commitment proceedings [D.E. 63]. On the same day, Burkhardt filed a renewed motion to dismiss, asserting a violation of the Equal Protection Clause of the Fourteenth Amendment as derived from the Due Process Clause of the Fifth Amendment [D.E. 65]. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974). On November 22, 2011, Burkhardt filed an additional motion to dismiss, arguing that the delay in the commitment proceedings violated the Due Process Clause of the Fifth Amendment [D.E. 68]. On November 30, 2011, the government responded in opposition to these three motions [D.E. 73]. Respondent has replied [D.E. 75]. A commitment hearing is scheduled to begin on December 7, 2011.

Burkhardt contends that his conditions of confinement render proceedings under 18 U.S.C. § 4248 criminal rather than civil in nature. Mot. Dismiss [D.E. 63] 1. Burkhardt also contends that the statutory scheme for commitment of sexually dangerous persons violates the Equal Protection

Clause because it uses one's status as a federal prisoner to control whether a person may be subject to civil commitment proceedings. Mot. Dismiss [D.E. 65] 1–2. Judge Britt has considered and rejected these arguments. See United States v. Comstock, No. 5:06-HC-2195-BR, 2011 WL 5835100 (E.D.N.C. Nov. 21, 2011). This court finds the reasoning of Comstock persuasive.

Finally, Burkhardt contends that the government violated due process by filing its certification commencing this case less than one week before the expiration of Burkhardt's criminal prison term, and by not holding a hearing on the merits of commitment for over four years since the date of certification. Mot. Dismiss [D.E. 68] 1.

The government complied with the certification process in the statute. Once the government filed the certification, the statute provides an automatic stay of the person's release. See 18 U.S.C. § 4248(a). The certification process is rational and does not violate due process.

As for the delay in a hearing on the merits, Burkhardt has expressly or impliedly consented to the delay in this case. On September 7, 2007, another court in this district held section 4248 unconstitutional and dismissed the cases against five consolidated respondents. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), rev'd in part, 130 S. Ct. 1949 (2010), remanded to and rev'd, 627 F.3d 513 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011). On October 5, 2007, Burkhardt expressed his desire to be on equal legal footing with the respondent in Comstock. See Resp.'s Mem. Opp. Gov't Mot. Stay [D.E. 8] 1–3. Despite the dismissal of his case, the respondent in Comstock was not released from custody because the district court stayed his release pending the government's appeal. See Order Grant. Mot. Stay, Comstock, No. 5:06-HC-2195-BR (E.D.N.C. Nov. 26, 2007), [D.E. 40].

Along with all other section 4248 cases then pending in this district, excluding those consolidated with Comstock, Burkhardt's case was stayed at the district court level on January 8,

2

2008 [D.E. 12], pending the outcome of appellate litigation in Comstock. On May 17, 2010, the Supreme Court upheld the constitutionality of section 4248. Comstock, 130 S. Ct. at 1954. On June 11, 2010, the district court lifted the stay in Burkhardt's case [D.E. 16], although appellate proceedings continued at the Fourth Circuit in Comstock. On June 23, 2010, Burkhardt expressly stated he did not wish to proceed to a commitment hearing. Mot. Dismiss [D.E. 17] 3 ("At this time, respondent does not request a hearing on the merits of his case."). Burkhardt did not request a hearing on the merits until January 27, 2011 [D.E. 24]. Nor did Burkhardt object to a scheduling order [D.E. 25], which established a discovery process to last approximately six months beginning in February 2011. Furthermore, Burkhardt consented to the government's August 23, 2011 motion to extend the discovery period until September 14, 2011 [D.E. 45]. Moreover, the commitment hearing is scheduled for December 7, 2011. In light of the record, the court finds that the delay in this case does not violate due process.

Therefore, the court DENIES respondent's motions [D.E. 63, 65, 68].

SO ORDERED. This 6 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge